UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REGINA DENOTA,

        Plaintiff,

   -against-

HARRISON BAKE SHOP INC., et al.,

        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Sep 17 2018

18-CV-539 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

The Court has received and reviewed the parties' proposed settlement agreement (Agreement) (Dkt. No. 35-1), and joint letter, dated September 11, 2018 (Dkt. No. 35), seeking approval of the Agreement. For the reasons that follow the settlement will be approved and the remaining claims in this action will be dismissed.

## Background

In Counts One, Two and Three of her Complaint (Dkt. No. 1), plaintiff Regina Denota alleged that defendants Harrison Bake Shop, Inc. (Harrison Bake Shop), Ralph Langenbach, and Maureen Zaccagnino failed to pay her time and a half for the overtime hours she worked at Harrison Bake Shop, as required by the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL), and failed to furnish her with wage statements as required by NYLL § 195. In Counts Four through Eight, she alleged claims for sexual harassment and related torts under state law.

On June 6, 2018, the Court conducted a lengthy settlement conference, at which the parties appeared in person, with counsel, and engaged in vigorous arms-length negotiations as to all of plaintiff's claims. Thereafter, the parties reached an agreement in principle to settle their dispute and consented to the jurisdiction of the undersigned Magistrate Judge for all purposes pursuant to

28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Dkt. No. 23.) After further negotiations and court conferences, the parties (a) finalized their settlement of the plaintiff's non-wage and hour claims on confidential terms and dismissed the Fourth through the Eighth Counts without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) (Dkt. No. 34), and (b) finalized their settlement of plaintiff's FLSA and NYLL claims in the form of the Agreement, which they have filed on the public docket and for which they now seek judicial approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

## The Agreement

The Agreement requires defendants to pay $33,000 to plaintiff Denota in full settlement of her FLSA and NYLL claims. Ag. ¶ 1. This amount represents all of the unpaid wages claimed by plaintiff at the settlement conference, plus liquidated damages, plus an additional $5,000 for defendants' alleged failure to provide wage statements as required by the NYLL. *See* Ltr. at ECF page 2. The Agreement requires defendants to pay this sum in installments. Plaintiff is to receive $14,000 within two weeks of judicial approval of the Agreement, $2,328.79 within two months of approval, $3,878.79 within three months, and $363.64 within four months, all treated as taxable wages. *Id.* Plaintiff's counsel is to receive $7,000 within two weeks of judicial approval of the Agreement, $3,489.39 within two months of approval ($1,550 of which is expressly designated as reimbursement for costs), and $1,939.39 within three months of approval. *Id.* As security for these payments, defendants Harrison Bake Shop and Langenbach must execute Affidavits for Confession of Judgment. Should defendants fail to pay any required installment within 10 business days following a notice of default, plaintiff will be entitled to enter a judgment by confession in the amount of 150% of any remaining unpaid settlement consideration. Ag. ¶ 4.

The Agreement includes a release, by plaintiff, which runs in favor of defendants and is limited to the wage and hour claims asserted in her Complaint. Ag. ¶ 3. There is no confidentiality clause or other contractual restriction on any party's ability to speak about the case or its settlement.

## Analysis

The Court has reviewed the financial and non-financial terms of the Agreement and finds that they are fair and reasonable as required by *Cheeks.* Having presided over the parties' in-person settlement conference and assisted with their follow-up negotiations, the Court is also confident that the Agreement "is the product of arm's-length bargaining between experienced counsel." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Soc.,* 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The fee provisions are also fair. Plaintiff's counsel seeks reimbursement of $1,550 in costs and expenses and a total of $10,878.78 in attorney's fees, representing less than one-third of the gross settlement amount. In support of the fee request, counsel submitted a detailed timesheet showing that he devoted approximately 113 hours to this action, at an hourly rate of $300, which would make his lodestar approximately $34,000. *See* Ltr. Ex. C. The proposed award is significantly lower than counsel's lodestar, so calculated. It is also lower than the 40% contingency fee to which plaintiff agreed when she retained her lawyer, *see* Ltr. Ex. B, and is within the range of fee awards typically approved in this District in comparable cases. *See Martinez v. SJG Foods LLC*, 2017 WL 4676828, at *2 (S.D.N.Y. Oct. 16, 2017) (quoting *Meza v. 317 Amsterdam Corp.*, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015)) ("When using a percentage of the fund approach, 'courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.'").

Accordingly, the proposed settlement is APPROVED and Counts Four through Eight of the Complaint are DISMISSED WITH PREJUDICE. The Court will retain jurisdiction for the limited purpose of enforcing the Agreement if necessary.

The Clerk of Court is directed to close the case.

Dated: New York, New York
September 17, 2018

**SO ORDERED**.

_____

**BARBARA MOSES**
**United States Magistrate Judge**